### Thomas S. Ryder, Respondent, v. William A. Fash, Appellant.

1. *Deeds — Acknowledgment — Copies — Military bounty lands.* — Certified copies of the record of deeds conveying military bounty lands are not com-petent evidence, under section 36, Wagn. Stat. 595, which applies to the general law of evidence, but not to cases relating to military bounty lands.
2. *Lands and land titles — Evidence — Ancient deed.* — A deed properly ac-knowledged, which has been for more than thirty years in the possession of the party claiming title under it, is properly admitted in evidence as an ancient deed.
3. *Deeds — Military bounty lands — Acknowledgment in another State.* — The acknowledgment of a deed in accordance with the laws of the State where it is made, is sufficient under the military bounty land law.

*Appeal from Ray Court of Common Pleas.*

*G. W. Dunn* and *T. A. Green*, for appellant.

*L. H. Waters*, for respondent.

Wagner, Judge, delivered the opinion of the court.

The only objections insisted upon are the inadmissibility of cer-tain deeds read in evidence by the respondent, on account of alleged defective acknowledgment. We do not think that the

certified copy of the deed from the records, from Duffy to Myers, was admissible in evidence under section 36 of the statute concerning evidence, for that section applies to the general law of evidence, and this action was in reference to military bounty lands. (Crispen v. Hannavan, *ante*, p. 415.) But the deed itself, which was also read, I think was rightfully admitted. The acknowledgment was good and sufficiently proved. Moreover, the deed was in Myers' possession for over thirty years, and he had paid taxes on the land, and therefore it might very properly be admitted as an ancient deed.

The objections to the acknowledgment of the other deeds are technical and unsubstantial. Some of them were acknowledged in conformity with the law of New York, the place where they were made out and executed, and that was sufficient under the military bounty land law, while the others were acknowledged in accordance with the laws of this State and the acknowledgments sufficiently proved. It is unnecessary to embody in detail all the objections made to the form and sufficiency of the acknowledgments. We have examined them carefully, and are of the opinion that they are not entitled to any weight. The respondent showed a regular chain of title in himself, and was clearly entitled to judgment. Wherefore the judgment will be affirmed. The other judges concur.